NOT FOR PUBLICATION (Doc. No. 10)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, et. al., | |
| Plaintiff(s), | Civil. No. 15-8359 (RBK/KMW) |
| v. | **OPINION** |
| BRYANT CAULKING AND WATERPROOFING, INC. and FLEMING WATERPROOFING, LLC | |
| Defendant(s). | |

**Kugler,** United States District Judge:

This matter comes before the Court upon the motion of Plaintiffs Trustees of the New Jersey B.A.C. Health Fund ("Health Fund"), Trustees of the New Jersey B.A.C. Annuity Fund ("Annuity Fund"), Trustees of the B.A.C. Local 4 Pension Fund ("Local 4 Pension Fund"), Trustees of the B.A.C. Local 5 of New Jersey Pension Fund ("Local 5 Pension Fund"), Trustees of the New Jersey BM&P Apprentice and Education Fund ("Apprentice Fund"), Trustees of the Bricklayers & Towel Trades International Pension Fund ("International Pension Fund"), Trustees of the International Masonry Institute ("IMI"), and Richard Tolson as Administrator of the B.A.C. Administrative District Council of New Jersey ("Union") (collectively "Plaintiffs"). Plaintiffs have asserted claims against Defendants Bryant Caulking and Waterproofing, Inc. ("Bryant") and Fleming Waterproofing, LLC ("Fleming"), an alleged alter ego and/or successor of Bryant, (collectively "Corporate Defendants" or "Defendants") for unpaid contributions to

1

employee benefit plans, unpaid union dues, and liquidated damages pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") and Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"). Plaintiffs now move for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), and seek payment for unpaid contributions, attorney's fees, and costs. For the reasons set forth below, Plaintiff's Motion is **DENIED IN PART** regarding attorneys' fees and otherwise **GRANTED**.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant Bryant was a party to a Collective Bargaining Agreement ("CBA") that established the terms and conditions of employment for Bryant's employees. Compl. ¶ 14. The employees worked within a specified geographical area as bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers, and exterior marble masons ("Covered Work"). *Id.* Under the CBA, Bryant was required to make specified contributions for every hour worked by its employees within the trade and geographical jurisdiction of the Union to the Health Fund, Annuity Fund, Local 4 Pension Fund, Local 5 Pension Fund, Apprentice Fund, International Pension Fund, and IMI (collectively, the "Funds"). *Id.* at ¶ 15. The CBA also required Bryant to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to verify the number of hours of Covered Work performed by Bryant's employees. *Id.* at ¶ 16.

On January 2, 2012, an audit was conducted of Bryant's books and records covering January 2006 through December 2010. *Id.* at ¶ 17. ("Audit") The Audit revealed delinquent contributions and dues check-offs in the amount of $302,089.79 and audit fees of $5,000. *Id.* at ¶ 19. Bryant has failed to pay the audit fees and any of the contributions due and check-off uncovered by the Audit. *Id.* at ¶ 20; Pls.' Mot. Def. J. at 3 (Doc. No. 13). The principal findings,

interest, and damages of $307,089.79 currently remain outstanding in full. Compl. ¶ 20. The Audit identified John Fleming and Cynthia Fleming as the owners of both Bryant and Fleming. *Id.* at ¶ 21.

The following are the allegations of the Complaint, which for the purpose of this motion are accepted as true and construed in the light most favorable to the Plaintiffs. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Plaintiffs allege that after the Audit findings, Bryant ceased operations and Fleming took over the work usually performed by Bryant. Compl. ¶ 22. In October 2010, Bryant stopped contributing to the Funds, and Fleming began contributing to the Funds in December 2011. *Id.* at ¶ 23. Plaintiffs allege that Bryant and Fleming have substantially identical business purposes, operations, owners, officers, telephone numbers, and operate out of the same property address, owned by John Fleming and Cynthia Fleming. *Id.* ¶¶ 24-27. Generally, Plaintiffs allege that the Corporate Defendants should be jointly and severally liable for unpaid contributions to employee benefit plans, unpaid union dues, and liquidated damages incurred by Bryant because the Corporate Defendants are actually a single employer, as Fleming is the alter ego and/or successor of Bryant. *Id.* at ¶¶ 43-46.

On December 1, 2015, the Plaintiffs commenced this action seeking to hold both Defendants jointly and severally liable for the unpaid contributions, attorney's fees, and costs. Pls.' Mot. Def. J. at 3. On December 8, 2015, the Defendants were properly served with the Summons and Complaint by personal service upon Cynthia Fleming, a person authorized to accept service on behalf of Bryant and Fleming. *Id.* Defendants failed to properly respond or otherwise defend this matter and the deadline to do so has expired. *Id.* On January 4, 2016, the Court informed the Corporate Defendants that they could not represent themselves in federal

3

court and that they needed proper representation. *See* January 4, 2016 QC Message. The Clerk entered default against Defendants on January 7, 2016. Pls.' Mot. Def. J. at 3.

## II.     STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon Plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

### III. DISCUSSION AND ANALYSIS

#### A. Appropriateness of Default Judgment

*Defendant Bryant*

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject matter jurisdiction over Plaintiffs' cause of action and personal jurisdiction over Defendant Bryant. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09–3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010). Verifying the Court's jurisdiction is of particular concern where, as here, the defaulting party has failed to make any sort of appearance or submit any responsive communication to the Court.

In this case, Plaintiffs allege the Defendant Bryant's conduct violates ERISA and the LMRA. Therefore, the Court has federal question subject matter jurisdiction over the Plaintiffs' claims. *See* 28 U.S.C. § 1331; *see also* 29 U.S.C. § 1132(e) (granting federal district courts exclusive jurisdiction over ERISA claims); 29 U.S.C. § 185 (granting jurisdiction in the federal district where the labor organization maintains its principle office). Additionally, this Court has personal jurisdiction over the Defendant in the form of general jurisdiction because Defendant is a New Jersey corporation maintaining its principal place of businesses in New Jersey. Compl. ¶ 12.

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant Bryant was properly served with a summons and complaint on December 8, 2015. Pls.' Mot. Def. J. at 3; Marimon Decl., Ex.

G (Doc. No. 11-7). The Court informed Defendant that it needed proper representation on January 4, 2016. Thereafter, Corporate Defendant failed to respond to the Complaint within twenty-one days of service as required under Rule 12(a). Accordingly, the Clerk's entry of default under Rule 55(a) was appropriate.

### iii. Fitness of Defendants to be Subject to Default Judgment

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, the defaulting Defendants are corporate entities and are therefore not capable of being infants, incompetent persons, or persons in military service exempted from default judgment. Thus, the Court finds that Defendant Bryant may be subject to default judgment under Rule 55(b)(2).

### iv. Plaintiffs' Cause of Action

Fourth, the Court must determine whether Plaintiff's Complaint states a proper cause of action against Defendant Bryant. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)).

#### 1. Breach of Collective Bargaining Agreement

Plaintiffs' breach of collective bargaining agreement claim constitutes a proper breach of contract action if it can satisfy three elements: (1) the existence of a valid contract; (2) a breach of that contract; and (3) resulting damage to the plaintiff. *See Ramada Worldwide, Inc. v. Steve*

6

*Young Kim*, No. 09-4534, 2010 WL 2879611 at *3 (D.N.J. July 15, 2010) (citing *AT&T Credit Corp. v. Zurich Data Corp.*, 37 F. Supp. 2d 367, 370 (D.N.J. 1999)). In this case, Plaintiffs have alleged the existence of a valid and binding contract, namely the CBA. Compl. ¶ 14. In addition, Plaintiffs claimed that Defendant breached the terms of the CBA by failing to make adequate and timely contributions to the Funds on a monthly basis. *Id.* at ¶¶ 16-20. Finally, Plaintiffs have established resulting harm from this breach in the amount of $321,798.79. *See* Pls.' Mot. Def. J. at 11; Pls.' Mot. Def. J. Marimon Decl. at §§ 14-17. Thus, Plaintiffs have sufficiently stated a cause of action for breach of contract against Defendant Bryant.

    2. Violation of ERISA

  Plaintiffs have adequately pled a violation of ERISA in the unchallenged factual allegations in Plaintiffs' Complaint. Section 515 of ERISA provides that any employer, who is obligated to make contributions to a benefit plan under a collective bargaining agreement, must make such contributions in accordance with the terms and conditions of that agreement. 29 U.S.C. § 1145. If an employer who is obligated to make contributions fails to do so in violation of the CBA, then the Court may award the plan (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the (a) interest on the unpaid contributions, or (b) liquidated damages; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g).

  Plaintiffs have alleged that the CBA required Bryant to make contributions to the various funds and forward dues check-offs on behalf of Bryant's employees. Compl. ¶ 15. Plaintiffs also allege that an audit of Bryant's books revealed that Bryant failed to make all required contributions and failed to forward dues check-offs for the period from January 2006 through

7

December 2010. *Id.* at ¶¶ 17-18. The Court finds that the allegations set forth in the complaint are sufficient to state a claim against Bryant for ERISA violations.

### 3. Violation of LMRA

Plaintiffs have also adequately stated a legitimate cause of action under the LMRA. The LMRA allows district courts to hear "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185. Here, Plaintiffs, a union and a series of benefit funds, alleged that Defendant employer failed to remit monthly contributions and submit required monthly reports in a timely manner, as required by the CBA. Compl. ¶¶ 16-20. Therefore, Plaintiffs have sufficiently stated a claim for LMRA violations against Defendant Bryant.

### *v*. Emasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co.*, Inc., No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr.18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). In this case, all three factors militate in favor of granting a default judgment.

First, there is no indication that the Defendant Bryant has a cognizable defense to Plaintiffs' allegations of breach of collective bargaining agreement and violation of ERISA. Thus, this factor is either inconclusive or weighs slightly in Plaintiffs' favor. *See Hill v. Williamsport Police Dep't*, 69 Fed. App'x 49, 52 (3d Cir. 2003) ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable

8

defense, [rendering this] factor ... inconclusive."); *Dish Network L.L.C. v. Rounds,* No. 11-241, 2012 WL 1158798 at 3* (D.N.J. Apr. 6, 2012) (considering the *Emasco* factors and noting that in light of the defendant's failure to "[respond in any manner to the Complaint [,] ... [t]here is nothing to suggest that Defendant has a meritorious defense to liability.").

Second, because the Defendant has failed to appear with proper representation as ordered by this Court and has otherwise failed to defend this action, Plaintiffs suffer prejudice if they do not receive a default judgment. Plaintiffs have no alternative means of vindicating their claim against defaulting Defendant. *See Directv v. Asher*, 2006 WL 680533, at *2. Third, the Defendant's failure to respond with proper representation permits the Court to draw an inference of culpability on their part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081 at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000)). Therefore, the *Emcasco* factors weigh in favor of entering default judgment. The Court holds that Plaintiffs are entitled to a default judgment against Defendant Bryant.

*Defendant Fleming*

*i. The Court's Jurisdiction*

The Court must determine whether it has both subject matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Defendant Fleming. *See U.S. Life Ins. Co. in N.Y.C.*, 2010 WL 2400163, at *1. Verifying the Court's jurisdiction is of particular concern where, as here, the defaulting party has failed to make any sort of appearance or submit any responsive communication to the Court.

Although neither the Plaintiffs nor the Defendants have addressed the issue, there is a question of whether the Court has subject matter jurisdiction over the claims against Defendant

Fleming. The United States Supreme Court has held that suits seeking to impose liability by piercing the corporate veil of defendants not otherwise liable under ERISA do not state a federal question. *See Peacock v. Thomas*, 516 U.S. 349 (1996).

In *Peacock*, the plaintiff sought to enforce against a different party a previously obtained judgment against its statutory employer under ERISA. *Id.* at 351-52. The suit against the related party asserted a cause of action for veil piercing under ERISA and applicable federal law. *Id.* at 352. The Supreme Court found that subject-matter jurisdiction did not exist under ERISA or the federal court's ancillary jurisdiction because "[p]iercing the corporate veil is not itself an independent ERISA cause of action." *Id.* at 354. The Court explained that without an "underlying" violation of ERISA, neither ERISA's jurisdictional provision, 29 U.S.C. § 1132(e)(1), nor 28 U.S.C. §1331 supplied jurisdiction. *Id.* However, several courts have assessed whether claims of alter ego liability can support federal question jurisdiction under *Peacock,* and they found that such claims support federal jurisdiction because alter ego claims state a claim for direct liability under ERISA. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031 (7th Cir. 2000); *Cent. States, SE & SW Areas Pension Fund v. Cent. Transp. Inc.,* 85 F.3d 1282 (7th Cir. 1996); *Brown v. Holdings*, 385 F. Supp. 2d 519 (E.D. Pa. 2005); *Hudson Cty. Carpenters Local Union No. 6 v. V.S.R. Constr. Corp.*, 127 F. Supp. 2d 565 (D.N.J. 2000).

In *Central Transport*, the plaintiff previously prevailed in a suit under ERISA against a statutorily liable party and brought a second suit seeking to collect that judgment from related entities averring alter ego liability. 85 F.3d at 1285. In affirming subject-matter jurisdiction, the United States Court of Appeals for the Seventh Circuit distinguished the claims at hand from *Peacock's* veil piercing claim seeking to impose liability solely on the defendant's "capacity as

10

an officer and shareholder of the liable corporation." *Central Transport's* court noted that the present alter ego claim alleged that the defendants were the "true employers," and thus posed a "specific claim for relief under ERISA," sufficient to create federal question jurisdiction. *Id.* at 1286. The reasoning of *Central Transport* was adopted by district courts in this circuit in *Hudson County Carpenters* and *Brown*. Both courts held that the plaintiffs' alter ego claims were sufficient to confer subject-matter jurisdiction because the claims asserted direct liability for ERISA violations. *See Brown*, 385 F. Supp. 2d at 525-26; *Hudson Cty.*, 127 F. Supp. 2d at 569-72.

The Court finds the reasoning of these cases persuasive. Plaintiffs' alter ego claim alleges that Defendants Bryant and Defendants Fleming are essentially the same entity. Therefore, the Plaintiffs sufficiently allege a direct violation of ERISA by Defendant Fleming to state a federal question and confer subject-matter jurisdiction.[1] *See* 28 U.S.C. § 1331; 29 U.S.C. § 1132(e); 29 U.S.C. § 185. Additionally, the Court has personal jurisdiction over Defendant Fleming because Defendant is a New Jersey corporation maintaining its principle place of business in New Jersey. Thus, the Court may exercise personal jurisdiction over Defendant Fleming. Compl. ¶ 13.

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant Fleming was properly served with a summons and complaint on December 8, 2015. Pls.' Mot. Def. J. at 3. The Court informed

---

1. The Court does not analyze whether subject-matter jurisdiction is supplied by the claim that Defendant Fleming is the successor of Defendant Bryant, due to the Court's finding that subject-matter jurisdiction exists under the Plaintiffs' alter ego claim.

Defendant that it needed proper representation on January 4, 2016. Thereafter, the Corporate Defendant failed to respond to the Complaint within twenty-one days of service as required under Rule 12(a). Accordingly, the Clerk's entry of default under Rule 55(a) was appropriate.

### iii. Fitness of Defendants to be Subject to Default Judgment

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501. In this case, the defaulting Defendants are corporate entities and are therefore not capable of being infants, incompetent persons, or persons in military service exempted from default judgment. Thus, the Court finds that Defendant Fleming may be subject to default judgment under Rule 55(b)(2).

### iv. Plaintiffs' Cause of Action

Fourth, the Court must determine whether Plaintiff's Complaint states a proper cause of action against Defendant Fleming. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See Directv*, 2006 WL 680533, at *1. The Plaintiffs aver that Defendant Fleming is an alter ego of Defendant Bryant, and thus liable for the ERISA and LMRA claims brought against Defendant Bryant. Compl. ¶ 44. It is established that, "if two entities are found to be alter egos, a collective bargaining agreement covering one entity is automatically deemed to cover the other." *Stardyne, Inc. v. NLRB*, 41 F.3d 141, 145 (3d. Cir. 1994) (citing *Howard Johnson Co. Inc. v. Detroit Local Joint Exec. Bd. Hotel & Rest. Emp. & Bartenders Int'l Union, AFL-CIO*, 417 U.S. 249, 259 n.5 (1974)). As the Court has already found that the ERISA and LMRA claims against Defendant Bryant are proper causes of action, the Court must determine whether Defendant Fleming can be held liable for the claims under alter ego liability.

The alter ego doctrine maintains, "that the successor [entity] is in reality the same employer and is subject to all the legal and contractual obligations of its predecessor." *Stardyne*, 41 F.3d at 146 (citing *Howard Johnson*, 417 U.S. at 259 n.5). The doctrine is applied when an entity makes "a mere technical change in the structure of identity of the employing entity, frequently to avoid the effect of the labor laws, without any substantial change in its ownership or management." *Id.* at 146 (citing *Howard Johnson*, 417 U.S. at 259 n.5). "[T]he focus of the alter ego doctrine . . . is on the existence of a disguised continuance or an attempt to avoid the obligations of a collective bargaining agreement through a sham transaction or a technical change in operations." *NLRB v. Al Bryant, Inc.*, 711 F.2d 543, 553 (3d Cir. 1983) (citing *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 508 (5th Cir. 1982)).

To determine whether application of the alter ego doctrine is proper, courts must ask if the new and old employers share "substantially identical management, business purpose, operation, equipment, customers, and supervision, as well as ownership." *Stardyne*, 41 F.3d at 151 (citations omitted). The plaintiff need not establish all of these factors for the alter ego doctrine to apply, and "an intent to evade the Act is important, but not an essential, factor." *Id.* (citation omitted). "The main focus of the inquiry is to determine whether the two employers are in the same business in the same market." *Id.*

Here, Plaintiffs' factual allegations, taken as true, satisfy a sufficient number of the alter ego factors. First, it may be reasonably inferred from the complaint that Bryant and Fleming share the same officers and ownership, John Fleming and Cynthia Fleming. *See* Compl. ¶ 21; *Stardyne*, 41 F.3d at 151 (invoking the alter ego doctrine where the two companies shared management and supervision). Next, Plaintiffs contend that Bryant and Fleming share the business purpose of performing Covered Work in the same geographic area. Compl. ¶ 24.

Plaintiffs allege in their complaint that after the Audit was performed, Bryant ceased operations and Fleming began undertaking the work usually performed by Bryant. *Id.* at ¶ 22. Lastly, Bryant and Fleming operate out of the same property address and use the same telephone numbers, which are owned by John Fleming and Cynthia Fleming. Compl. ¶¶ 26-27. Therefore, since Plaintiffs' complaint alleges identical management, business purpose, operation, and ownership, the Court finds that the allegations set forth in the complaint for the alter ego doctrine are sufficient to state a claim against Defendant Fleming.[2]

    *v.* Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp.,* 2011 WL 1485435, at *3 (citing *Doug* Brady, 250 F.R.D. at 177 (citing *Emcasco* 834 F.2d at 74)). Because the Court has already established that Plaintiffs have stated a proper cause of action against Defendant Fleming as an alter ego of Defendant Bryant, the Court adopts the *Emcasco* analysis determining an entry of default judgment against Defendant Bryant as the same analysis needed for Defendant Fleming. Therefore, the *Emcasco* factors weigh in favor of entering default judgment. The Court holds that Plaintiff are entitled to a default judgment against Defendant Fleming.

**B. Damages**

Plaintiffs seek $307,089.79 for delinquent contributions, audit costs, CBA liquidated damages, and interest on contributions. Mercadante Decl. ¶¶ 12-17 (Doc. No. 12). The Court is

---

[2] The Court does not analyze whether Defendant Fleming can be held liable as a successor to Defendant Fleming, due to the Court's finding that the allegations set forth in the Plaintiffs' complaint for the alter ego doctrine are sufficient to state a claim against Defendant Fleming.

14

not bound to accept as true Plaintiffs' mere allegations concerning damages. *See Comdyne I*, 908 F.2d at 1149. Plaintiffs have submitted an audit report and interest calculations supporting the delinquent contributions, audit costs, liquidated damages, and interest owed. Mercadante Decl. ¶¶ 12-17; Ex. C. Accordingly, the Court awards Plaintiffs $307,089.79.

Plaintiffs also request reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D). Plaintiffs' counsel has claimed $14,709 in fees. Marimon Decl. ¶ 26. Plaintiffs' counsel has provided computer print outs of hours and costs to confirm these fees and costs. Marimon Decl., Ex. F. The Court is concerned that the hours and fees documented in Plaintiffs' documentation may be unreasonable. Therefore, the Plaintiffs' request for attorneys' fees is denied without prejudice. The Court will issue a letter directing Plaintiffs' counsel to address the reasonableness of their fees.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Default Judgment against Defendants Bryant and Fleming is **DENIED IN PART** regarding attorneys' fees and otherwise **GRANTED.** The Court awards damages in the amount of $307,089.79. An appropriate order shall issue.


Dated:   03/01/2017                                      s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge